Petition for Writ of
Mandamus Dismissed in Part; Denied in Part; and Memorandum Opinion filed January
25, 2011.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00029-CV

____________

 

IN RE JOSEPH A. HEARN, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

61st District Court

Harris County, Texas

Trial Court No. 2010-12915

 

 

 



MEMORANDUM
OPINION

            On January 13, 2011, Relator, Joseph A. Hearn, filed a petition
for writ of mandamus in this Court.  See Tex. Gov’t Code Ann §22.221
(Vernon 2004); see also Tex. R. App. P. 52.1.  Relator requests we
compel the District Clerk of Brazoria County, Texas, Rhonda Barchak, to issue
citation and service of process upon the defendant in his suit filed September
9, 2010, in the 23rd District Court of Brazoria County, Texas, styled $34,895.79
v. the State of Texas.  Relator also requests we compel the Honorable Ben
Hardin, presiding judge of the 23rd District Court of Brazoria County, Texas to
take “dispositve action upon the suit.”

            This Court’s mandamus jurisdiction is governed by section
22.221 of the Texas Government Code.  Section 22.221 expressly limits the
mandamus jurisdiction of the courts of appeals to:  (1) writs against a
district court judge or county court judge in the court of appeals’ district,
and (2) all writs necessary to enforce the court of appeals' jurisdiction. 
Tex. Gov’t Code Ann. § 22.221 (Vernon 2004).  Because the petition for writ of
mandamus requesting we compel citation and service is directed toward a
district clerk and is not necessary to enforce this court’s jurisdiction, we
have no jurisdiction.  See Tex. Gov’t Code Ann. § 22.221(b)(1).  Accordingly,
the petition for writ of mandamus is ordered dismissed in part.

Regarding Judge Hardin, relator does not identify the act he
seeks to compel.  To be entitled to mandamus relief, a relator must show that
he has no adequate remedy at law to redress his alleged harm, and what he seeks
to compel is a ministerial act, not involving a discretionary or judicial
decision. State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at
Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig.proceeding).  Accordingly,
we deny relator’s petition for writ of mandamus in part.           

 

                                                                                    PER
CURIAM

 

Panel
consists of Justices Brown, Boyce, and Jamison.